1. The secretary of state is the general purchasing agent for the supreme court, and, except upon some extreme emergency, no other person can act in that capacity.

2. The act of 1885 (Session Laws, p. 49), in so far as it seems to authorize the purchase of supplies by other officers, is void, being in conflict with section 21, article 5, of the constitution.

PETITION for *mandamus.* The facts are stated in the opinion.

Mr. W. J. SHARMAN, for petitioner.

Attorney-General T. H. THOMAS, for respondent.

The COURT.     The petition in this case recites that petitioner, as clerk of the supreme court, purchased certain articles of furniture, and procured certain labor to be performed for the court; which articles and labor were essential to the appropriate discharge of its duties; that, in so doing, debts amounting to $209.75 were necessarily incurred; that, prior to acting in the premises as aforesaid, he repeatedly represented to respondent, who is secretary of state, the necessity for procuring said articles and having such labor done, and requested that the latter attend to the matters suggested; but that respondent persistently refused to recognize the request or procure the articles and labor mentioned; that, since the incurring of such debts as aforesaid, the bills therefor were found to be correct, duly audited, and allowed by the auditor; that the same were then presented to respondent for the proper certificate authorizing payment thereof out of the contingent fund thereunto appropriated; which certificate respondent declined and refused, and still declines and refuses, to give.     We are now asked to grant a writ of *mandamus* compelling respondent to perform the act last above mentioned.

But a single question is here presented for adjudication,

viz., Did the clerk of the supreme court, acting for the court, have authority in law to incur debts in behalf of that tribunal for necessary articles and labor? In support of his demurrer to the alternative writ or petition in this case, respondent relies upon section 1343 of the General Statutes. By this provision it is made the duty of the secretary of state "to procure suitable apartments for the supreme court, * * * and to have the same supplied with such furniture and other articles as may be required."

This statute, coupled with other provisions, unquestionably makes the secretary of state the general purchasing agent for the supreme court; and we incline to the view that it excludes the authority of any other officer, excepting possibly upon some extreme emergency, such as did not here exist, to act in that capacity. Should he decline to comply with his statutory duty in a proper case, *mandamus* lies to compel the performance thereof.

But petitioner takes the position that the foregoing statutory provision was abrogated in this particular by an act of the fifth general assembly, found on page 49, Session Laws 1885.

The text of that act probably supports petitioner's position in this regard. The act, by clear implication, would seem to produce the effect he contends for.

In response to petitioner's argument, however, it is contended that in so far as such a consequence would be produced by the statute of 1885, it is clearly obnoxious to section 21, article 5, of the state constitution. This objection is, in our judgment, well taken.

The title of the act is as follows: "To provide for the filing of duplicate contracts pertaining to the state government, and to provide for auditing accounts thereunder." The general purpose and scope of the text is fully in accordance with this title. But the implied effect upon section 1343 aforesaid is not so embraced. Authority to officers, not previously empowered so to do, to

purchase supplies and thus incur debts for or on behalf of the state government, or a department thereof, is certainly not clearly expressed in the foregoing title. Nor can it, in our judgment, be considered germane to the subject therein mentioned. Hence we are bound to hold that there has been no change of the law as embodied in said section 1343. Entertaining this view, it follows that the demurrer must be sustained and the peremptory writ of *mandamus* must be denied.

*Writ denied.*