MULNIX, STATE TREASURER, v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY.

STATE WARRANT—PRESUMPTION—BURDEN OF PROOF.
It will be presumed that a warrant which is valid upon its face, drawn upon the state treasurer by the auditor of state, was lawfully issued. The burden of proof to show facts invalidating such a warrant is upon the defendant.

*Error to the District Court of Arapahoe County.*

THE ATTORNEY GENERAL, Mr. H. T. SALE and Mr. W. J. THOMAS, for plaintiff in error.

Mr. F. A. WILLIAMS, Mr. A. M. STEVENSON and Mr. A. S. BLAKE, for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This petition for a writ of mandamus was filed in the district court to compel the state treasurer to pay a state war-

rant drawn upon him by the state auditor. This warrant was drawn in favor of Collier & Cleaveland, upon an account for services rendered in doing certain printing for the state departments under a contract therefor entered into between them and the secretary of state. The general assembly has made an appropriation to cover the costs of such printing, and when this warrant was presented by the petitioner (to whom it had previously been assigned) there was, and still is, money in the treasury to pay it.

The petition sets forth facts which, if true, constitute the warrant a legal obligation of the state. In his answer the state treasurer admits the issuing of the warrant, and sets up a number of defenses to show its invalidity, alleging that the constitutional and statutory method for letting the contract was not adhered to; that the printing for which the warrant was given was not covered by the advertisement of the secretary of state, or included in the bid of Collier & Cleaveland, or in their contract; that the prices charged were different from those specified in their bid, and were extortionate and excessive, and that the measurement of the work was incorrect and exaggerated. These defenses were all denied in the petitioner's replication.

In the replication it is also alleged that the ninth general assembly, by virtue of certain action taken by that body, adjusted the account for which this warrant was given, and ratified, and authorized the payment of, the same. In the view, however, we take of the case, it is not necessary to determine the effect of such action by the general assembly.

Upon the trial the only evidence was that introduced by the petitioner, included in which was the warrant in controversy. When the petitioner rested its case, the respondent interposed a motion to dismiss the proceeding on the ground of the insufficiency of the evidence. The language of the assistant attorney general, who conducted the trial below, gives the grounds of the motion. He said :

" As far as the position of the attorney general is concerned, we are depending entirely upon the validity of this contract.

The answer attacks the validity of the contract from its very inception, and sets up the fact that there is an utter disregard of the constitution and statutory provision, and we will rely upon that entirely. As far as the matter of fact is concerned, we don't know as there is any dispute but what there were advertisements made and bids and proposals submitted, certain contracts made, and articles received. * * * We are placed in a position that we must raise all of the legal questions that can be raised upon the question, and we shall base our action purely upon a matter of law, and if the contract was legal, which we deny, then there can be no question about it."

The court below overruled this motion, and the respondent, declining or neglecting to introduce any evidence, judgment was rendered for the petitioner awarding the peremptory writ, to which the treasurer prosecutes this writ of error.

As just stated, the respondent introduced no testimony, either to rebut that offered by the petitioner, or in support of his affirmative defenses. The state of the case, therefore, was that there was in evidence before the court the warrant in controversy with nothing in the record to cast any suspicion upon it. The allegations of the answer that there was some fraud in connection with this contract were disclaimed at the trial, and the averments that the constitutional and statutory methods of entering into it were not complied with were expressly denied, and as respondent offered no evidence at all to support them, the court properly found against him. The warrant was regular and valid on its face, and there was nothing before the court, either by way of proof or admission in the pleading, that, in any degree, tended to overcome the presumption that it was issued for a valid indebtedness of the state.

Such being the case before the trial court, the respondent expressly confining his defense to the alleged irregularity in letting the contract, and the warrant being valid upon its face, with no evidence at all in support of the only defect claimed to impair its validity, upon principle it would seem

that the judgment should be in favor of the holder. But we are not without authority in this state directly in point. In a recent case decided by the court of appeals (*Board of Commissioners v. Oliver*, 7 Colo. App. 515), where suit was brought against the board of county commissioners on county warrants, the court, speaking by Mr. Justice Thomson, said:

"If they are valid upon their face, the presumption is that they were lawfully issued. This presumption could be overthrown only by positive evidence of their illegality, and the burden was upon the defendant to show the facts which invalidated them."

The case at bar is not governed by the doctrine announced by this court in a case between the same parties, decided this term, (ante, p. 71) as the attorney general erroneously contends, for the facts of the two cases are essentially different. There certain facts were admitted by the holder of the warrant which brought the contract within the inhibition of the constitution and the statute, the effect of which was to constitute a part of the consideration for the warrant invalid; but here there is no such admission or proof. We are, of course, precluded from speculating that the real facts may be, as suggested by the present attorney general, who did not conduct the defense below, different from what the present record shows. The province of the court is not to frame the issues or collect the evidence. We must take the case as made by the parties, and decide it upon the record before us, and not upon another state of facts that may or may not be correct. It follows that the judgment of the district court should be affirmed, and it is so ordered.

*Affirmed.*