[No. 8835.]

## DRACH V. THE PEOPLE EX REL.

1. STATUTES—*Implied Repeal.* A statute repeals all prior legislation which is clearly repugnant to its provisions. (585.)

2. STATE BANK COMMISSIONER—*Not in Classified Service.* The approval of the senate being required to the appointment of the state bank commissioner (Laws 1913, c. 44, sec. 53), the office is not within the Classified Service. (586.)

3. —— *Time of Assuming Office.* Section 3 of the Banking Act of 1907 provides that the bank commissioner shall enter upon the duties of his office on the first Wednesday of April next following his appointment (Rev. Stat. sec. 317). The act did not take effect until the 13th of July, succeeding its enactment. Section 2 of the same statute (Rev. Stat. sec. 316) provides that no salary shall be paid for any time that he may hold office ''prior to July, 1907.'' *Held* in view of the latter provision, that it could not have been in legislative contemplation that the commissioner first appointed should defer the assumption of his duties until April of 1908, nor that one appointed after the first Wednesday in April of a succeeding year should not be entitled to his office until April of the next year. (586-587.)

*Error to Denver District Court.* Hon. GEORGE W. ALLEN, Judge.

*En Banc.*

Messrs. BARNETT & CAMPBELL, for plaintiff in error.

Messrs. REED & GOSS and Mr. CHARLES O'CONNOR, for defendant in error.

Opinion by Mr. Justice TELLER.

The plaintiff in error, respondent below, was appointed State Bank Commissioner, on January 6, 1914, to fill a vacancy caused by the resignation of one Pfeiffer, who was appointed on May 1, 1911, for the term of four years.

The relator claims the office under an appointment made by the governor on April 10, 1915. Having demanded possession of the office and having been refused, he brought an action, in the nature of *quo warranto*, to determine his right to the office.

The court found for the relator, and rendered judgment ousting the respondent from the office.

In behalf of the respondent it is claimed (1) that the Civil Service Law protects him in the office; and (2) that, in any event, he was entitled to hold office. until the first Wednesday of April, 1916.

Section 53 of chapter 44, Laws of 1913, provides for the appointment by the governor of a State Bank Commissioner. Said section prescribes certain qualifications for the appointee, and makes his appointment subject to confirmation by the Senate. Section 54 provides for the appointment of deputies by the commissioner, in such manner as he deems necessary, not exceeding one deputy for every sixty banks, to hold their positions during his pleasure.

This act, having taken effect subsequent to the Civil Service act, effective January 22, 1913, must be held to repeal such parts of the earlier act as are clearly repugnant to its express provisions.

The requirement that the appointee be confirmed by the Senate, and the provision for a specific term of four years are in conflict with the whole theory of the Civil Service statute as well as with some of its terms.

The banking act of 1907 made the appointment of the Commissioner subject to the consent of the Senate. Section 10 of the Civil Service law of 1907, as amended by the latter act, includes the State Bank Commissioner in the classified service by not naming him in the list of officers exempted from it. The banking act of 1913 withdraws the commissioner from the clasified service by again providing that the appointment shall be with the consent of the Senate. This is conclusive as to the intent of the law-makers, when read in connection with said section 10, which provides that,

"Except as otherwise provided in the Constitution, all appointments to positions in the classified service shall be without reference to the Senate, and for good behavior."

The converse of this provision, then, must be true, that officers to whose appointment the statute makes the consent of the Senate necessary, such consent not being required by the Constitution, are not to be appointed under this law.

This conclusion is supported by the provisions of the statute under which the deputies, appointed by the commissioner, may be dismissed at his pleasure.

We are, therefore, of the opinion that the office of State Bank Commissioner is not within the classified service under the statute above mentioned.

The second proposition, that the term of the respondent extended to the first Wednesday in April, 1916, involves a construction of the law of 1907, to which reference has been made. Section 1 of that act provides for the appointment of a State Bank Commissioner on the passage of that act, and every four years thereafter.

Section 2 prohibits the payment of any salary to any commissioner appointed under the act or to his deputies, "for any time he or they may hold office prior to July 1, 1907."

The act was approved April 13, 1907, and took effect ninety days thereafter.

Section 3 reads as follows:

"Except as hereinbefore otherwise provided for the first State Bank Commissioner, every State Bank Commissioner shall enter upon the duties of his office upon the first Wednesday of April next following his appointment." etc.

The claim that plaintiff in error holds until April, 1916, is based upon this provision of section 3, it being contended that the relator, having been appointed after the first Wednesday in April, 1915, can not take office till the following April. This might be true if we were to consider the part of the section quoted without regard to the rest of the act; but, as a whole, the act does not indicate that such was the intent of the legislature.

Section 3 clearly makes the beginning of the regular

term the first Wednesday in April every fourth year, and it was naturally supposed that an appointment would be made before the adjournment of the Senate and prior to the beginning of the term.. The first Wednesday of April is fixed as the date on which the appointee will enter upon the duties of his office, which is the date upon which an existing term would terminate. If the purpose was to compel every appointee not appointed before the first Wednesday in April to wait till the next April before taking office, there was no reason for the provision in section two which prohibits the payment of salary to the commissioner and his deputies for any time during which he or they might hold office prior to July 1, 1907, because the first Wednesday in April 1907 had passed before the approval of the act.

Again.if the law is to be applied according to the contention of plaintiff in error, if a commissioner dies or resigns there can be no successor in office until the following April.

No reason has been suggested for withholding the office from an appointee when there may be no incumbent, or when the term for which one has been appointed has expired. We can perceive no grounds for supposing that the law-makers regarded the first Wednesday in April as so peculiarly appropriate for State Bank Commissioners to enter upon their duties, that they intended to make it the only day for that purpose, regardless of the fact that thereby the office might be vacant for months, or be filled by one whose term had long since expired. So to hold would violate the settled rules for construing statutes, and give effect to one provision of the law regardless of all others.

We are of the opinion that the plaintiff in error was not entitled to the office after the appointment and qualification of the relator.

The judgment is affirmed.

*Judgment affirmed.*

Mr. Justice HILL dissents.