## No. 9654.

THE PEOPLE EX REL. v. STONG, AUDITOR OF STATE.

The relator was appointed Chief Inspector of Coal Mines for a term of four years. Subsequently the Civil Service Amendment to the Constitution was adopted, by which his position came into the classified civil service, and all offices included therein were graded and compensated according to standards of efficient service. *Held,* that a subsequent increase of the salary of the officer, by act of the Legislature, was not prohibited by sec. 30 of art. V of the Constitution.

*En banc.*

*Error to Denver District Court, Hon. Henry J. Hersey, Judge.*

Mr. CLARENCE M. HAWKINS and Mr. HORACE N. HAWKINS, for plaintiff in error.

Hon. VICTOR E. KEYES, Attorney General, and Mr. CHARLES ROACH, Deputy, for defendant in error.

Mr. Justice Burke delivered the opinion of the court.

RELATOR Dalrymple was appointed chief inspector of coal mines of the state for the four year term beginning June 1, 1917, at an annual salary of $4,000, both term and salary being fixed by statute. Sec. 30, art. 5, of the State Constitution then in effect, provides:

"Except as otherwise provided in this constitution, no law shall extend the term of any public officer or increase or diminish his salary or emoluments after his election or appointment."

December 31, 1918, the civil service amendment to the Constitution (Laws of 1919, p. 341) became effective. It reads in part:

"Appointments and employments * * * in the classified civil service of the State shall be made according to merit and fitness, * * *. The classified civil service of the state shall comprise all appointive public officers and employes and the places which they hold, except the fol-

lowing: (chief inspector of coal mines is not included in the exceptions) * * * Persons in the classified service shall hold their respective positions during efficient service and shall be graded and compensated according to standards of efficient service * * *. They shall be removed or disciplined only upon written charges, * * *. All persons holding positions in the classified service as herein defined when this section takes effect shall retain their positions until removed * * *."

By an act of the legislature which became effective April 9, 1919, the salary of relator was increased to $4,400 per annum. (Laws of 1919, p. 325.)

April 30, 1919, the civil service commission certified relator's monthly salary to defendant in error upon the basis of $4,400 per annum. Defendant refused to issue a warrant thereon on the ground that the correct basis was $4,000 per annum. Thereupon this action in mandamus was instituted and the court having sustained a demurrer to the writ, relator elected to stand thereon. Whereupon the writ was quashed and judgment entered against relator, to review which judgment he brings error.

Burke, J., after stating the facts as above:

That the position of chief coal mine inspector came under the civil service by virtue of the constitutional amendment above quoted is not disputed. The sole question for our consideration is, Did the transfer of this office to the civil service remove relator from the constitutional prohibition of sec. 30, art. 5, *supra,* and permit him to take the benefit of the increased salary provided by the act of April 9, 1919, or is he prohibited from benefitting thereunder prior to the date on which the term of his original appointment would have expired?

Little light is to be obtained from the authorities on the question here at issue. The power of the people by constitutional amendment to increase the salary of a person already in office or do anything else not forbidden by the Federal Constitution, is unquestioned.

Art. 2, sec. 2, Constitution of Colo., *People v. Cassiday,* 50 Colo. 503, 522, 117 Pac. 357.

It is urged on behalf of defendant in error that if relator can take the increased salary it must be because either the commission or the legislature is empowered to make the increase, and an attempt is then made to show that neither has such power. The argument applies, if at all, to relator *after* he has served the four year term for which he was appointed, as well as before, and the practical effect of its recognition would be to remove his office entirely from the operation of the amendment. It is certain that the power to make such increase is lodged either in the commission, or the legislature, or both. As the increase here in question was made by the legislature and approved by the commission, further consideration of this question is unnecessary.

Sec. 30, art. 5, is correctly interpreted as prohibiting a change in the salary of a public officer "for the term for which he was elected." *Nickerson v. Winslow,* 22 Wyo. 259, 268, 138 Pac. 184, 140 Pac. 834. It prohibited a change of term as well as a change of salary. The civil service amendment changed the terms of such as came within its provisions from those theretofore fixed by statute to tenure, "during efficient service" and "until removed", under the provisions thereof. It changed their salaries from those theretofore fixed by statute to compensation "according to standards of efficient service", to be thereafter fixed. Its intent is clearly to fix a new rule of tenure and a new rule of remuneration. Why it should be construed as accomplishing the former and failing in the latter does not appear.

That relator is holding his office under a four year appointment and at the same time holding it "during efficient service" and "until removed" involves an irreconcilable repugnancy. That his salary is unalterably fixed by statute for a term of four years, and at the same time is to be fixed "according to standards of efficient service", involves a repugnancy equally irreconcilable.

It necessarily follows that from the time of the passage of the amendment relator held his office thereunder and

not under his original appointment. His salary having been thereafter increased by legislative enactment, and that increase approved by the civil service commission, the presumption is that it was so increased "according to standards of efficient service", and there is no constitutional prohibition barring him from receiving the benefit thereof.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony with the views herein expressed.