## No. 11,028.

### KEPLEY *v.* PEOPLE, EX REL. EVERSON.

Decided November 10, 1924.

Action in mandamus.  Judgment for relator.

### *Affirmed.*

### *On Application for Supersedeas.*

1. PLEADING—*Waiver.*  In an action in mandamus, irregularity in filing an amended petition, instead of amended alternative writ, and error in the writ abridging time for defendant's appearance, held waived by conduct of defendant's counsel.

2. QUO WARRANTO—*Title to Office.*  Quo warranto or an information in the nature of a writ of quo warranto, is the sole method of trying title to office.

3. IRRIGATION DISTRICTS—*Board—Vacancies.*  Under the provisions of section 1969, C. L. '21, concerning vacancies in the board of directors of an irrigation district, it is held that the board cannot fill a vacancy in its membership, where there is only one qualified member acting.

4. MANDAMUS—*Delivery of Official Books and Papers.*  Where an ousted secretary of an irrigation district refused to turn over the books and papers to the regular appointee, mandamus to compel delivery is proper.

5. COURTS—*Impounding Order.*  In a controversy over the custody of books and papers of an irrigation district, the court having jurisdiction of the parties and subject matter, could properly require their delivery to the clerk of the court pending the litigation.

*Error to the District Court of Saguache County, Hon. Jesse C. Wiley, Judge.*

Messrs. MOSES & ELLITHORP, for plaintiff in error.

Mr. JOHN I. PALMER, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN the district court of Saguache county, in the code action in the nature of a writ of quo warranto by the people, on relation of Horace B. Means, et al., the respondents therein R. Dunshee, T. E. Dunshee and Clarissa E. Dunshee, claiming to be the sole members of the board of directors of The Kerber Creek Irrigation District in that county, and Edith Smith, claiming to be the secretary of the board, the judgment was that T. E. Dunshee was a member of the board for division three of the district, the district being subdivided into three divisions, but that R. Dunshee and Clarissa E. Dunshee were not, and never had been either directors de jure or de facto of divisions 1 and 2, and that Edith Smith was not, and never had been secretary. That judgment has not been set aside. It is still in full force and effect. It was rendered on December 7, 1923. On the same day T. E. Dunshee, the sole remaining director of the district, purported to hold a meeting of the board at which he alone was present, and thereat himself elected or appointed R. Dunshee, one of the members who had been ousted, as a member of the board to fill one of the two vacancies, and the two members, thus constituting a quorum, thereafter and on the same day purported to elect as secretary of the board the ousted secretary Edith Smith, who is the same person as Edith Smith Kepley. The resolutions or motions declaratory of such proceedings, under the corporate seal of the district, were spread upon the minutes of the board. On January 3, 1924, Horace B. Means and four other taxpaying electors of the district, ignoring the alleged filling of a vacancy on the board and the election of a secretary, and proceeding under section 1969, C. L. 1921, filed with the board of county commissioners of the county a petition, in which it was set forth that there were two vacancies in the board of directors for divisions No. 1 and No. 2 thereof, and requested the county board to appoint,

and the board, acting as the statute in such contingency provides, did appoint Frank H. Means as director of division No. 1 and Mrs. Frank Rominger as director of division No. 2. At a called meeting, a quorum of the board thus constituted being present, the third member, T. E. Dunshee, (of division No. 3) being notified of the meeting, but not appearing, proceeded to the selection of a secretary and appointed Earl A. Everson, who then demanded of Edith Smith Kepley, purporting to have been elected secretary as aforesaid, the records, books and property of the district in her possession, which she refused to deliver. Thereupon on March 17, 1924, the present action in mandamus was instituted by the people on the relation of Earl A. Everson to compel Mrs. Kepley, the respondent, to deliver to him these books and records. The court made findings for the relator and ordered respondent to deliver the requested documents and property, and pending further proceedings in the district court or upon a review of its judgment in this court, impounded these documents and ordered Mrs. Kepley to deliver them to the clerk of the court, which she did. She now is here with her writ of error to review that judgment.

1.   Objection is raised to an irregularity in filing an amended petition instead of an amended alternative writ, to which the court had sustained the defendant's demurrer, and as to error in the writ itself in improperly abridging the time for defendant's appearance and pleading. Whatever irregularity or error there was, the record shows was waived by the conduct of the defendant's counsel.

2.   Our reading of the record is that there is only one important question for consideration and that is whether the writ of mandamus lies under the facts of this case. The rule is unquestioned in this jurisdiction, and generally, that quo warranto, or an information in the nature of a writ of quo warranto, is the sole remedy for trying title to office. We have so often decided this question that no citation of authority is made. One of the authorities relied upon by the plaintiff in error is *People, ex rel. Cum-*

*mings v. Head,* 25 Ill. 325. That case cites *People, ex rel. v. Kilduff,* 15 Ill. 492, 60 Am. Dec. 769. We think the opinion in the Kilduff case takes the instant case out of the operation of the general rule. It was there held that though quo warranto is the proper mode of trying the question of title to public office, still mandamus under the facts of that case was an appropriate remedy to require the respondent to deliver to a mayor-elect the seal and insignia of his office. To defeat the application there, the respondent in his answer, as did defendant here, set up title in himself but the court held that where, as in that case, and, as we say, in this case, the claim of title by the defendant is groundless or colorless, this does not justify withholding of the writ of mandamus or sending the petitioner or informant to his quo warranto. This record shows, as stated, that in a quo warranto proceeding Mrs. Kepley was held not to be the secretary of the board of directors and that she was a mere intruder in the office, and was so because only one of the three members of the board of directors of the irrigation district who assumed to appoint her had any title, and that, since the board consists of three members, of which two constitute a quorum, and that on all questions requiring a vote there shall be a concurrence of at least two members of the board (Sections 1970, 1971, C. L. 1921), an election to fill a vacancy on the board, purporting to have been made by one member only, was invalid.

The defendant does not deny that the two members of the board named and the secretary were ousted, but contends that T. E. Dunshee, the remaining member, had the power to fill "vacancies" in the board thus created, and, having done so after the judgment of ouster by electing R. Dunshee, the member previously ousted, the two had the power, which they exercised, to elect or appoint her as secretary. This asserted power is based on section 1969, C. L. 1921, reading: "In case of a vacancy in the board of directors, by death, removal, or inability from any cause, to properly discharge the duties as such di-

rector, the vacancy shall be filled by appointment by the remaining members of the board, and upon their failure or inability to act within thirty days after such vacancy occurs, then upon petition of five electors of said district the board of county commissioners of the county where the office of said board of directors is situate, shall fill such vacancy or vacancies." The language quoted is that in case of a "vacancy", not "vacancies", "it", not "they", "shall be filled by the remaining members of the board", not by one remaining member, and if the "remaining members" fail or are unable to act within thirty days after such vacancy occurs, then the board of county commissioners may fill "such vacancy or vacancies". The defendant invokes the aid of section 6517, C. L. 1921, which provides that, in the construction of all statutes, unless such construction shall be manifestly inconsistent with the intent of the legislature, or repugnant to the context of the same statute, every word importing the singular number only, may extend to and be applied to one person or thing, or to several persons or things. This statute says that every word importing the singular number only may, not shall, include several persons or things. Moreover, the rule shall not be observed where the construction is repugnant to the context of the same statute. Turning to the language of section 1969, supra, we say that in filling "a vacancy" in the board of directors the "remaining members" who are authorized to fill it, must act as a board. Two members constitute a quorum. There can be no valid meeting of a board without a quorum. One member of a board consisting of three members cannot constitute himself a quorum when the other two are absent. The statute itself says that the "vacancy" shall be filled by the "remaining members". Its use of the singular "vacancy" indicates that the filling by the board of "a vacancy" in the board can be done only where there are two "remaining members" qualified to act. The board, therefore, is unable to fill a vacancy if there is only one qualified member. In the event, as here, of more than one vacancy, or where there

are two vacancies in a board consisting of three members, only the board of county commissioners is competent to fill them. The language itself clearly indicates this where it says that the county commissioners shall fill "such vacancy or vacancies", which means that where there is more than one vacancy, only the county board can fill them, and the county board may also fill one vacancy, when the irrigation board fails or is unable to act within thirty days.

We hold, therefore, that this assertion of title by the defendant to the office of secretary of the board is palpably groundless and colorless, warrants the finding of the trial court of bad faith on her part, and, in the language of the Illinois decision above quoted, does not call for a withholding of a writ of mandamus which is invoked to compel one asserting such a groundless claim who has the indicia of office in his possession to deliver them to one whose title is acquired as provided by the governing statute. The relator in this case has title as the result of an appointment by members of a board constituted as the statute of this state provides. The petition of the taxpaying electors of the district to the board of county commissioners, and the action of the board thereunder, as against the colorless and groundless claim of the defendant, make the relator the secretary de jure and de facto of the board, and as such he is entitled to the books, papers, records and insignia of the office which were unlawfully being held by the defendant. If there is any attempt here to try title to an office in a mandamus proceeding, it is the defendant, and not the relator, who is trying to do so. If she wishes to have her title again judicially ascertained, this record does not permit her to be heard upon such a manifestly palpably groundless claim of title. This court restricts mandamus to its appropriate place as a remedy, and has consistently held that title to an office must be determined only in a quo warranto proceeding under our Code. We are of opinion that since the trial court held, and under the evidence was justified in holding, that the assertion of title by the defendant was groundless

and colorless, and not in good faith, the relief prayed was authorized in a mandamus action.

3. The defendant strenuously contends that no authority has been cited and none can be found justifying the so-called impounding order of the trial court requiring the defendant to deliver the insignia of the office to the clerk of the court. The court certainly had jurisdiction of the parties and of the subject-matter of the action. It evidently believed that for the protection of the landowners of the district the defendant should not, during the continuance of the litigation, and upon such a groundless and colorless claim, retain possession of the books and records of the district. It certainly had jurisdiction, and the facts warranted the order. This is so plain that authority and argument to demonstrate the power are useless. Defendant, asserting merely a groundless claim, may not complain.

The application for a supersedeas is denied and the judgment of the district court is affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.