No. 10,930.

KERBER CREEK IRRIGATION DISTRICT *v.* WOODARD, ET AL.

Decided November 10, 1924.

Action in mandamus.    Judgment of dismissal.

*Affirmed.*

1. MANDAMUS—*Irrigation District Levy.* In an action in mandamus to compel county commissioners to levy a tax for irrigation district purposes, it is held that if it was not the plain legal duty of the board to make the levy, the action was properly dismissed.

2. IRRIGATION DISTRICTS—*Directors.* In an action in mandamus by irrigation district directors to compel a levy of taxes for district purposes, under the facts disclosed, a majority of the directors held to be mere intruders and usurpers in office.

3. APPEAL AND ERROR—*Judgment—Presumption.* The trial court having jurisdiction to determine an issue which it decided, in the absence of evidence to the contrary, it will be presumed on review—as against a collateral attack—that the parties stipulated that the issue might be determined although not embraced in the pleadings.

*Error to the District Court of Saguache County, Hon. Jesse C. Wiley, Judge.*

Messrs. MOSES & ELLITHORP, for plaintiff in error.

MR. JOHN I. PALMER, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is the second of the three cases referred to in *Ellis v. Moses,* 76 Colo. 214, 230 Pac. 802. It is a mandamus action purporting to be by the Kerber Creek Irrigation District, a public corporation, to compel the board of county commissioners of Saguache county to levy a tax against the property in the district, which tax had theretofore been ordered or required by the plaintiff board to pay the running expenses of the district and the interest and part of the principal of its outstanding bonded indebtedness.

Under our irrigation district act the board of directors of an irrigation district is given power to determine the amount of money required to pay its current expenses and the interest and principal of its outstanding bonds as they become due, and in a proper case it is the duty of the board of county commissioners of the county to levy the tax which has been duly certified to it by the irrigation district board. Just what is the extent or full sweep of the power of the district board, and what is the measure of the duty of the county board as to the rate of the levy for paying bonds and the interest thereon, and as to other matters incident thereto or included in such general duty, we need not determine, for we are satisfied that the judgment of the district court, denying the writ, was right. If it was not the plain, legal duty of the county board to make the levy, the action was properly dismissed. As already stated in the first of the series of three cases, the instant case is to be considered in connection with *Ellis v.*

*Moses, supra,* and *Kepley v. People,* reported in 76 Colo. 233, 230 Pac. 804. To the opinion in those cases reference is here made for material facts in addition to those herein recited.

The answer in this case admits that a bond issue had been voted, but denies that any bonds so authorized were or are outstanding, and affirmatively alleges that the board of directors of the district, consisting of three members, purporting to act in requesting and certifying the levy to the county board, was not a legal body, and that it had been judicially so determined, not authorized so to act, and that the two members thereof who were present and purported to act, the third legal member being absent and not participating; were not, and never had been, either de facto or de jure directors of the board, never had been recognized as such, had not and never had the legal qualifications as directors, such as residence in the district, etc., and never purported to qualify or comply with the statute in that behalf, were not recognized or reputed to be members of the board, that the district had ceased for eight or nine years to function, and no meetings of the board in the meantime were held and no business transacted. To this answer the plaintiffs' demurrer was overruled and, plaintiffs electing to stand by the demurrer, the action was dismissed.

Considering this record in connection with the records of the other two cases, the admitted facts are as above recited. The records of the county clerk, who is ex officio clerk of the board of county commissioners, show some of these defects and infirmities in the title of the alleged directors, and the records in these three cases supply the facts that make of the majority of the board mere intruders, usurpers of the office. They were not in good faith assuming to act and are presumed to know that their claim of office was groundless and colorless. Practically at the very moment the district court in this action refused the writ to compel the county board to make the tax levy, it also decided that the majority members of the

irrigation district board who requested or certified the levy, never were or could have been either de jure or de facto directors. Counsel for plaintiffs concede that the judgment in *Kepley v. People, supra,* is res adjudicata that the acting members who adopted the various motions and resolutions and made the certification in question were not de jure members, but say that the decision that they were not de facto directors was wrong as that issue was not included in the pleadings of the quo warranto suit. The district court certainly had jurisdiction in an appropriate action to pass upon the issue as to whether they were de facto members. If as matter of fact that issue was not formally tendered in the pleadings, it was expressly decided by the court. The court having jurisdiction to determine such an issue, to sustain the judgment upon it, we may rightly presume, in this collateral attack, and in the absence of a bill of exceptions or record to the contrary, that the parties expressly stipulated that such issue should be determined even though, which we do not decide, the pleadings did not embrace it. There is nothing in the records of any of these cases that in any degree impeaches the validity of the judgment that these majority acting members of the board were never de jure nor de facto directors. That being so it would be an idle thing, sheer folly for the board of county commissioners to make a levy of a tax certified, not by a legal body of an irrigation district but by usurpers, by a self-constituted directorate of persons who never were or could be either de facto or de jure members thereof. In our decision of these three cases we are observing the true nature, purpose and function of writs of mandamus and writs of quo warranto. We are not permitting perversion of either or allowing an escape from the judgments therein.

The judgment of the district court herein was right and it is affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.