No. 10,927.

ELLIS, AS TREASURER *v.* MOSES, ET AL.

Decided November 10, 1924.

Action in mandamus.    Judgment for plaintiffs.

*Reversed.*

1. APPEAL AND ERROR—*Records and Briefs in Other Cases.* All parties consenting thereto, the Supreme Court will consider briefs and records filed in other cases, when necessary to a just determination of the cause under consideration.

2. MANDAMUS—*Irrigation District Warrant—Validity.* While a warrant drawn by irrigation district directors is presumed to be lawful, the treasurer may overcome the presumption in an action in mandamus against him to compel payment or registration.

3. IRRIGATION DISTRICTS—*Illegal Warrants—Treasurer.* Where the board of an irrigation district had no authority to incur the liability for which a warrant was drawn, the treasurer could properly refuse to register or pay it.

4. MANDAMUS—*Illegal Warrant—Erroneous Court Order.* The court having determined that an irrigation district board which drew a warrant, was an illegal body, its order directing registration of the warrant by the treasurer, held erroneous.

5.    *Public Officers.* Mandamus is the remedy for compelling performance by a public officer of a plain legal duty devolving upon him by virtue of his office.

6. IRRIGATION DISTRICTS—*Quo Warranto—Attorney Fees.* Under existing statutes, directors of an irrigation district have no authority to pay attorneys from district funds for defending them as individuals in a quo warranto proceeding to oust them from office.

7. COUNTIES—*Treasurer—Illegal Warrants.* A county treasurer should not pay or register warrants issued for illegal claims, if he has good reason to believe they are of that character.

8. IRRIGATION DISTRICTS—*Attorneys.* Under the statutes, irrigation district boards have power to employ attorneys to protect the rights of the district.

*Error to the District Court of Saguache County, Hon. Jesse C. Wylie, Judge.*

Mr. JOHN I. PALMER, for plaintiff in error.

Messrs. MOSES & ELLITHORP, pro se.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is the first, in order of filing in this Court, of three cases, numbered respectively on our docket 10,927, 10,930 and 11,028. All of them directly or indirectly grow out of controversies between the taxpaying electors of The Kerber Creek Irrigation District in Saguache county and its alleged board of directors and the secretary thereof, as to their official status and the official acts which the board claims that it performed. This action, No. 10,927, is one in mandamus to compel the county treasurer of the county to pay, if there are available funds, or, if not, to register, as provided by statute, a warrant which was drawn by the alleged board in favor of the attorneys of the three directors, who claimed to be the sole members of the board, and who employed these attorneys to defend them in a quo warranto action by the people, ex rel. Means, et al., wherein the district court determined that only one of the three, T. E. Dunshee, was or ever had been a director of the District, either de facto or de jure, at the time of such employment, or when this warrant was drawn, or at any other time. No attempt has been made to have this judgment of ouster reviewed or set aside and it is still in full force and effect.

Though apparently not in entire accord as to the propriety of consolidating these three actions for hearing here as one cause, counsel for both parties, who appear in all of them, refer in their briefs in one of the cases to the briefs and records in the other two and ask us to observe a similar method in disposing of them. This we have done

as only by doing so may they be fairly and justly determined.

We have in this case for decision the question whether it was the plain duty of the county treasurer to register this warrant, it being conceded that he could not pay it because there were no available funds in the treasury. Ordinarily a county treasurer, whose duties, perhaps, are largely ministerial, may not refuse to pay or register a warrant drawn on him by an administrative body like an irrigation district on which a statute has conferred the power to draw it, and which also commands the treasurer to pay or register it. The warrant so drawn is presumed to be lawfully drawn. But the presumption may be overcome, in a mandamus to compel the treasurer to pay or register. *Mulnix v. Mutual Benefit Life Ins. Co.,* 23 Colo. 81, 83, 84, 46 Pac. 127. If, however, the members of such a public administrative body are neither de facto nor de jure directors, are not so recognized by the public or the electors of the district having business with them, and especially where, as here, it has been judicially determined that such directors had no legal power or authority so to act, or where the board drawing the warrant has no authority in law to incur the debt or create the liability for which the warrant is drawn, the treasurer, drawee of the warrant, may properly refuse to register or pay the same. *Miller v. Edwards,* 8 Colo. 528, 9 Pac. 632.

The invalidity of this warrant clearly appears from the records of these cases. The district court which in this case made permanent the alternative writ of mandamus requiring the county treasurer to register this warrant, also on the same day in cause 11,028 rendered a judgment declaring in effect that the irrigation board which drew the warrant, had no power or authority to act as a board at all. The board, not having power to draw the warrant or order it drawn, the treasurer was right in refusing registration. The district court having declared the board, so constituted, an illegal body and not authorized to act for, or to represent, the irrigation district, nevertheless

directed the treasurer to recognize this warrant as a legal obligation of the district by registering it. This determination apparently was on the ground that the treasurer, as a ministerial officer, may not attack in a mandamus action, the validity of a warrant purporting on its face to be drawn by a board in which the statute has vested the power to draw it. We think, because of the judgment of the same court on the same day in 11,028, that the board, which drew the warrant, was an illegal body, the judgment in this cause directing registration was wrong.

It is wrong for another reason. Mandamus is the remedy for compelling performance by a public officer of a plain, legal duty devolving upon him by virtue of his office or which the law enjoins as a duty resulting from the office. *Bell v. Thomas*, 49 Colo. 76, 111 Pac. 76, 31 L. R. A. (N. S.) 664. This warrant on its face appears to be valid, but in the complaint or petition, and in the exhibits thereto, it also appears that it was drawn as payment of a retaining fee to the attorneys of the respondents therein for defending them in a quo warranto action to which the irrigation district was not a party, and, so far as the pleadings show, in which it had no interest. The three persons who claimed to be directors of the irrigation district were made respondents in a quo warranto suit by the people. They employed these attorneys to represent them in that action, and, presuming to act as the board of directors of the district, drew the warrant on the county treasurer to pay their own attorneys, not to represent the district in a matter in which it had an interest as a public corporation, but to defend them as individuals in a suit by the state to oust them as directors of the district. We find no statute that authorizes the directors of an irrigation district to employ or pay attorneys for defending them as individuals in defending their title to such office and to pay for the services out of district funds. We know of no general rule of law that recognizes such power. The district, as such, is not interested in retaining in office as directors any particular incumbents, either

those who have, or those who have not, title. Neither is it the duty of the district to defend for them. If the incumbents, or those claiming to be such, are ousted the statute points out the method of filling vacancies. The district is concerned only in having the office of director filled, not in defending or opposing the right thereto of any person or persons.

Summarized, we say: while ordinarily the county treasurer may not pass upon the validity of a warrant which on its face appears to be drawn for a valid debt by the body authorized by the statute to draw it and where no fact or circumstance is known to the treasurer which casts doubt upon its validity, this rule is inapplicable here, first, because on the same day this judgment directing registration was entered, the same court in cause No. 11,028 decided that the alleged board of directors that drew it had no power or authority to do so; and, second, because this record affirmatively shows that the claim against the district was not a valid one and the allowance or payment of a retaining fee for services performed, not for the district but for its alleged directors as individuals and not as officers acting for the district in a matter within their jurisdiction. It was not within the power of a de facto or de jure board to fasten upon the district liability for such a retainer. The state auditor may not audit or issue warrants for the payment of illegal claims, no matter how certified. *People, ex rel. v. Spruance,* 8 Colo. 307-314, 6 Pac. 831. The treasurer, it would seem, should not pay or register such warrants, if he has good reason to believe they are of that character.

The further contention that section 1970, C. L. 1921, empowers the board to employ attorneys, as may be required, is not sound. That section is not authority to the members of the board to employ attorneys to represent them as individuals in responding to, or defending against, a charge instituted by the people that they are usurpers, or to charge against the district the amount of the attorney fee which these individuals agreed to pay. The board

has power to employ attorneys to protect the rights and look after the interests of the district as a public corporation, but not to represent the individual directors in defending their right to hold a public office. Unless some statute confers such power, we will not judicially legislate upon it.

It follows that the judgment of the district court was wrong. It is, therefore, reversed with instructions to the trial court to set it aside and render, in lieu thereof, a judgment dismissing the action at plaintiffs' costs both here and below.

MR. JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.