No. 14,964.

PEOPLE EX REL. BEARDSLEY v. HARL.
(124 P. [2d] 233)

Decided March 16, 1942.

Mr. John R. Coen, for plaintiff in error.

Mr. Clarence L. Ireland, Mr. R. Hickman Walker, Mr. George A. Crowder, Mr. Felix L. O'Neill, for defendant in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

This is an action in quo warranto brought with the consent of the district attorney of the Second Judicial District, by Beardsley, as relator, to oust defendant in error Harl from the office of state bank commissioner; for an adjudication that relator was entitled to hold said office, and for recovery of salary heretofore paid Harl. Harl's demurrer to the complaint was sustained. Assigning that the district court erred in so deciding, the relator here seeks a reversal of the judgment of dismissal which followed his election to stand on the complaint. Previously both Harl and relator took the same civil

service examination for the office here involved, wherein relator received a grade of eighty-one plus per cent and Harl of ninety-six plus per cent, each of which was a passing mark under the rules of the Civil Service Commission. As the result of these grades and ratings the commission placed Harl's name above that of relator on the eligible list. Thereafter, upon the requisition and subsequent appointment by the attorney general, Harl as the occupant of the highest position on such merit list, was permanently certified by the commission to the office in controversy, which he since has held. As filed, the complaint, inter alia, challenged the inherent authority of the attorney general to requisition or appoint a state bank commissioner, but upon argument of the demurrer, counsel for relator announced, by reason of the decision in *People, ex rel. Wade v. Downen,* 106 Colo. 557, 108 P. (2d) 224, no reliance would be placed on such allegations. As another of the asserted grounds for Harl's removal, which alone is argued on this review, the relator pleaded that at the time of said civil service examination Harl had not had five years' experience as a banker, which it was alleged rendered him ineligible under section 69, chapter 18, '35 C.S.A., either for examination or appointment to the office in controversy. Such section reads as follows: "Upon the expiration of the term of office of the state bank commissioner appointed pursuant to chapter 111 of the Session Laws of 1907, and every four years thereafter, the governor shall, by and with the consent of the senate, appoint a state bank commissioner. Such appointee shall have had at least five years' experience as a banker, and shall not be interested, directly or indirectly, in any bank in Colorado, except as a depositor, and shall be otherwise fully qualified to perform the duties of his office." This section of the statute was enacted in 1913 (S.L. 1913, p. 129, §53).

In *Drach v. People ex rel.,* 61 Colo. 584, 158 Pac. 812, it was held that this section, by providing as a sub-

sequent enactment that the appointment should be consented to by the senate, withdrew the office of state bank commissioner from the Civil Service Act of 1907. In 1918, effective as of December 31st of that year, the people adopted the presently operative civil service amendment to the Constitution, section 13, article XII, which it is conceded, as is positively certain, placed the office of state bank commissioner under the classified civil service. The first paragraph of this amendment recites: "Appointments and employments in and promotions to offices and places of trust and employment in the classified civil service of the state shall be made according to merit and fitness, to be ascertained by competitive tests of competence, the person ascertained to be the most fit and of the highest excellence to be first appointed. All appointees shall be qualified electors of the state of Colorado, except as to those offices or positions held by the civil service commission to require special training and technical qualifications, in which cases competitive tests need not be limited to qualified electors and may be held without the state."

Counsel for relator does not contend that such amendment does not repeal the provisions of section 69, supra, relating to the four year term, the consent of the senate, the salary therein provided (see, *People ex rel. v. Stong, Auditor,* 67 Colo. 599, 189 Pac. 27), and, as well, the phrase "shall be otherwise fully qualified to perform the duties of his office," but insists that the sentence containing the words, "Such appointee shall have at least five years' experience as a banker," was unaffected by the adoption of the constitutional amendment. Counsel for Harl argue that all the qualifications of the appointee to the office in controversy prescribed by the statute, section 69, supra, are in conflict with the quoted language of the Constitution and repugnant to its intent, as a consequence of which such statutory terms were repealed by implication.

As we conceive, the foregoing statement of the positions of the parties on the sole contention made by relator manifests that the latter has mistaken his remedy on the premises advanced. If it is assumed that the Civil Service Amendment did not repeal the experience requirements of the statute, which expressly we do not determine, it, nevertheless, is certain that such amendment *did* confer upon the Civil Service Commission, and upon it alone, the discretion to ascertain the qualifications, fitness and merit of all applicants under the classified service, whether the standards thereof were prescribed by Constitution, statute or rule. Thus, it would follow that the resolution of the question as to whether Harl had "five years' experience as a banker" involved a factual and discretionary determination by the commission. That it was in a position to consider the experience background of Harl, affirmatively appears from the copy of his application attached to the complaint as an exhibit, wherein he was required to state, and did set out, his employments for the ten years preceding. The proceeding at bar was not instituted to compel action by the commission nor to inquire directly into any alleged failure by it to regularly pursue its authority in making the certification of which complaint is made, but, on the contrary, sought to have the district court by way of an original adjudication, as a matter of first impression, determine a question of fact constitutionally within the discretion of the commission and upon such finding enter a judgment striking Harl's name from the commission's eligible list, oust him from office, and certify relator to such office in the classified service, sans opportunity for the Civil Service Commission to be heard and without mandate or direction to it or certification by it or requisition and appointment by any executive officer of the state. Obviously, the procedure here attempted by the relator could not so properly accomplish, and the trial court committed no error in sustaining the demurrer.

The cases of *Montrose County v. Wharton*, 82 Colo. 466, 261 Pac. 4, wherein it was held that title to a county office could not be tried in a suit brought to recover a salary, and *Civil Service Commission v. Cummings*, 83 Colo. 379, 265 Pac. 687, in which it was decided that an action in mandamus and not one in certiorari, was the proper remedy for enforcing the ministerial function of reinstating an employee in the classified service, cited by relator as justifying the form of his action, are without pertinency here. In *People ex rel. v. Londoner*, 13 Colo. 303, 22 Pac. 764, and *Kepley v. People ex rel.*, 76 Colo. 233, 230 Pac. 804, wherein it was held that quo warranto properly laid to try title respectively to the office of mayor of Denver and director of an irrigation district, differently than in the situation here where the Civil Service Commission has the power of selection and certification, the court had complete jurisdiction to finally adjudicate the titles to the offices therein questioned.

The judgment is affirmed.

MR. JUSTICE JACKSON, who was not a member of the court at the time of oral argument, does not participate herein.