DEFENDANT in error William L. Hazlett, to whom we hereinafter refer as respondent, was duly appointed state bank commissioner in June, 1946, and served in that capacity until his suspension March 12, 1948. The position of state bank commissioner is within the classified civil service of the state of Colorado and is subject to the Constitution, laws, rules and regulations applicable to civil service employees of the state. Under the provisions of section 13, article XII, of the Constitution, persons in such classified service are entitled to hold their respective positions during efficient service. The power of removal from such service is vested exclusively by the above section in the Civil Service Commission and can be exercised "only upon written charges" and after an opportunity afforded respondent to be heard.
Pursuant to said constitutional provision, written charges were filed against respondent and a hearing thereon had, at which respondent appeared in person and by counsel. Following this hearing, and in due course, findings were made, the charges sustained, and an order entered by the Commission removing respondent from the classified service of the state.
The findings of the commission are as follows: *Page 175 
"1. That at the time of filing the charges, the Respondent, William L. Hazlett, was the duly appointed, qualified, and acting State Bank Commissioner of the State of Colorado; that said position of State Bank Commissioner is within the classified Civil Service of the State of Colorado and that the said William L. Hazlett is a person within the classified service of the State of Colorado and amendable to and subject to the laws, rules, and regulations applicable to Civil Service employees of the State of Colorado.
"2. That on December 3, 1947, the said William L. Hazlett made requisition upon this Commission for the name of a person upon the eligible list for appointment to the position of Bank Examiner I. That thereafter, and on or about February 10, 1948, this Commission certified William J. Milner to said Respondent as eligible for such appointment; that the said William J. Milner presented himself to the Respondent for appointment to the position covered by Respondent's requisition; that the said Respondent failed and refused to appoint the said William J. Milner as Bank Examiner I or at all and that said Respondent as the appointing authority, did not offer an objection in writing based on Article V, Section 4, or at all, all in violation of Article VIII, Rules and Regulations of this Commission.
"3. That on December 3, 1947, the said William L. Hazlett made requisition upon this Commission for the name of a person upon the eligible list for appointment to the position of Bank Examiner I. That thereafter and on or about February 6, 1948, this Commission certified James M. Mathes to said Respondent as eligible for such appointment; that the said James M. Mathes presented himself to the Respondent for appointment to the position covered by Respondent's requisition; that the said Respondent failed and refused to appoint the said James M. Mathes as Bank Examiner I or at all and that said Respondent as the appointing authority did not offer an objection in writing based on Article V, Section 4, or at *Page 176 
all, all in violation of Article VIII, Rules and Regulations of this Commission.
"4. Further the majority of the Commission finds from the evidence that the Respondent, William L. Hazlett, has not rendered efficient service in his capacity as State Bank Commissioner, in that it appears from the evidence:
"(a) That in the year 1946 and during the tenure of his office, he failed and neglected to examine or cause to be examined at least twice each year all of the books, records, papers, assets and liabilities of every kind and character owned by or relating to every bank licensed or chartered to do business in the State of Colorado;
"(b) That in the year 1947 and during the tenure of his office, he failed and neglected to examine or cause to be examined at least twice each year all of the books, records, papers, assets and liabilities, of every kind and character owned by or relating to every bank licensed or chartered to do business in the State of Colorado;
"(c) That the evidence shows that in the year 1946 and 1947 and during the tenure of his office, Respondent failed and neglected to accept an examination or report of the Federal Deposit Insurance Corporation in lieu of the examination or report required by Chapter 18, 1935 Colorado Statutes Annotated, on a great number of banks licensed or chartered to do business in the State of Colorado, and as a result thereof, said banks and the books, records, papers, assets and liabilities of every kind, and character owned by said banks, were not examined by the office of the State Bank Commissioner during said years 1946 and 1947;
"(d) That in the year 1946 and during the tenure of his office, Respondent failed and neglected to examine or cause to be examined at least once each year, all finance companies and credit unions licensed or authorized to do business in the State of Colorado, contrary to the law in such case made and provided.
"(e) That in the year 1947, and during the tenure *Page 177 
of his office, Respondent failed and neglected to examine or cause to be examined at least once each year, all finance companies and credit unions licensed or authorized to do business in the State of Colorado, contrary to the law in such case made and provided.
"(f) That the evidence shows that in the granting or refusal to grant certificates authorizing the opening and operating of banking institutions within the State of Colorado, the Respondent was partial, arbitrary and capricious, all contrary to the statute in such case made and provided;
"(g) That the evidence shows that the Respondent was uncooperative with the Civil Service Commission, used abusive and threatening language to Commissioner James H. Steele and failed and refused to recognize the rules and regulations of the Civil Service Commission relative to the appointment of persons on the eligible list to positions in the office of the State Bank Commissioner.
"5. That the good of the service would be best served by the removal of the said William L. Hazlett from the office of State Bank Commissioner."
Subsequent to these findings and order of the commission, respondent brought this action in the nature of certiorari in the district court pursuant to Rule 106 (a) (4), R.C.P. Colo., praying that the proceedings before the commission be duly certified to the court, and that the commission show cause why its findings and order should not be vacated, and respondent reinstated. In response to the citation, the commission certified its record and proceedings to the district court, and hearing was had, at which the record alone was considered. The trial court found that the commission's findings 2, 3, 4, and 5, were not supported by the evidence and ordered the same vacated and respondent reinstated. It is this judgment which the commission asks us to reverse on the writ of error issued herein.
[1] It should be observed at the outset that the *Page 178 
constitutional provision applicable herein confers upon the Civil Service Commission, and not upon the courts, the exclusive jurisdiction to ascertain the qualifications, fitness and merit of applicants for positions under classified service, and the final determination as to when, under what circumstances, and for what causes those in such service may be removed therefrom.
[2] The scope of review in certiorari proceedings, and the authority of courts to interfere with the findings of tribunals vested with exclusive jurisdiction to determine particular issues, have, by a long line of decisions, been judicially defined. We cannot consider herein whether the commission's findings are right or wrong, substitute our judgment for that of the commission, or interfere in any manner with the commission's findings if there is any competent evidence to support the same.State Board v. Spears, 79 Colo. 588, 247 Pac. 563, 54 A.L.R. 1498; Board of Adjustment v. Handley, 105 Colo. 180,95 P.2d 823; People ex rel. v. Harl, 109 Colo. 223,124 P.2d 233; Carpenter, Director of Revenue v. Peopleex rel., 112 Colo. 151, 148 P.2d 371; Jarrett v.Cruise, Director of Revenue, 117 Colo. 206, 185 P.2d 787. There is nothing here presented which would justify a departure from the principle announced in the above decisions.
[3] There is very little dispute as to the truth of the recitals contained in the findings of the commission. Respondent admits that he made requisitions upon the commission for the names of two persons upon the eligible list for appointment to the position of Bank Examiner I; that the commission certified William J. Milner and James M. Mathes to respondent as eligibles for such appointment; that such eligibles presented themselves for such appointment; that he failed to make the appointment and made no objection concerning the named eligibles to the commission as provided by the rules of the commission. He further admits that during the years 1946 and 1947 he failed to have examined the *Page 179 
books, records, papers, assets and liabilities of said banks, finance companies, and credit unions at the time and in the manner required by law. Respondent's explanations for his failure to perform the above statutory duties were rejected by the commission. In doing so we cannot say, the record considered, that the commission abused its discretion.
With respect to the general findings of the commission that respondent was partial, arbitrary and capricious in granting, or refusing to grant, certificates for the opening and operating of banking institutions; that he used abusive and threatening language to Commissioner Steele; that he was uncooperative with the commission; and that he failed to observe the rules and regulations of the commission with respect to appointments under civil service, we find ample competent evidence in the record in support thereof.
It would unduly lengthen this opinion to recite herein all the testimony in this voluminous record upon which the attorney general relies in support of the commission's findings. It is sufficient to say in relation thereto that such testimony, if believed by the commission, which it obviously was, clearly establishes respondent's unfitness for the position of bank commissioner, indicates a course of conduct incompatible with the best interests of the classified civil service, and justifies his removal from office.
The judgment of the district court is accordingly reversed, and the cause remanded with instructions to enter judgment in harmony herewith.
MR. JUSTICE JACKSON, MR. JUSTICE STONE and MR. JUSTICE LUXFORD dissent.