## No. 17,991.

PEOPLE OF THE STATE OF COLORADO, EX REL. RUBY DUNCAN, ET AL. *v*. HELEN M. SCOTT.

(307 P. [2d] 191)

Decided February 11, 1957.

Mr. HYMAN A. COGGAN, for plaintiffs in error.

Messrs. LEE, BRYANS, KELLY & STANSFIELD, Mr. ROBERT F. THOMPSON, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THIS is a proceeding in the nature of quo warranto. The parties appear here in the same order they appeared in the trial court. We will refer to plaintiffs in error as relators and to defendant in error as defendant. The trial court sustained defendant's motion to dismiss on the ground that relators had failed to state a claim upon which relief could be granted, and entered judgment of dismissal of relators' complaint. Relators are here by writ of error seeking reversal of the judgment.

In January, 1956, the relators filed their complaint in the nature of quo warranto, seeking to have the defendant ousted from her office as a member of the Colorado State Board of Cosmetology. The complaint was brought in the name of the People on relation of Ruby

Duncan, et al., after the district attorney had refused to institute the action. Relators in an apparent attempt to qualify themselves as such, alleged that they were residents, taxpayers and electors of the City and County of Denver, Colorado, and "are licensed and practicing cosmetologists pursuant to Chapter 32, C.R.S. (1953), and each has had at least five years' practical experience in the majority of the practices of cosmetology next prior to the appointment of the defendant."

It was alleged that the defendant is not legally qualified to serve as a member of the Colorado Board of Cosmetology in that she does not meet the statutory qualifications for such office for the reason that "she had not had at least five years' practical experience in the practices of cosmetology next prior to her appointment [by the Governor of Colorado] as such on or about August 19, 1955, as required by law, pursuant to Chapter 32, Section 32-1-6, Colorado Revised Statutes (1953), relating to cosmetology."

The defendant was appointed by Governor Edwin C. Johnson to fill a vacancy on the Colorado State Board of Cosmetology, pursuant to the statutes. Relators challenge the appointment and ask the courts to unseat defendant. It is contended by counsel for relators that the appointment made by the Governor is a nullity and that it is within the province of the courts to determine "whether the Governor has exceeded the authority" conferred on him by the statute creating the board in question. Hence it is argued that the courts have the power to, and should remove the appointee.

As we view the matter before us, it is not necessary to determine the question presented by counsel for defendant in error as to whether relators possess a sufficient special interest to invoke quo warranto.

We choose to base our decision of the question presented on the fundamental ground that the Chief Executive of the state in making an appointment such as the one here involved, exercises his executive discretion

and judgment, and his action is not subject to review by the courts in a quo warranto proceeding. : ... .

■ C.R.S. '53, 32-1-6, imposes a duty on the Governor to name the members of the Cosmetology Board. In the exercise of his power of appointment the chief executive must of necessity determine questions of fact with reference to the qualifications of his appointee. This determination requires the exercise of judgment and discretion, and as we read the authorities, the cases generally recognize that the courts cannot and will not attempt to substitute their judgment or discretion for that of the Executive. Such an appointment is not a ministerial act.

The distinguished trial judge in the instant case, when he dismissed the complaint, directed attention to the case of *People ex rel. Beardsley v. Harl*, 109 Colo. 223, 124 P. (2d) 233. That case involved the appointment of a Bank Commission and we there said:

" * * * the resolution of the question as to whether Harl had five years' experience as a banker involved a factual and discretionary determination by the commission. * * * Obviously, the procedure here attempted by the relator [to question that factual and discretionary determination] could not so properly accomplish, and the trial court committed no error in sustaining the demurrer."

■ Executive action may be questioned or controlled by the courts only when such action is ministerial in character, and requires the exercise of neither judgment nor discretion. The presumption that every public officer does his duty is especially strong in executive actions by the Governor, he being the chief executive officer of the state.

■ The appointive power vested in the Governor requires the exercise of judgment and discretion in determining that the person or persons he appoints to the State Board of Cosmetology have the requisite "five years' practical experience in the *majority* of the prac-

tices of cosmetology." The question of just what experience over a period of five years meets the requirements of practical experience in the *majority of the practices of cosmetology* cannot be answered categorically. The answer obviously is one upon which reasonable men might differ. As the trial judge commented: "Such a qualification is neither definite nor capable of unvarying interpretation."

█ The judiciary is reluctant to question the exercise of power by the chief executive officer of the state. To do so would be to impair or destroy the three well defined and long recognized independent departments of government. As we view the record before us nothing is presented requiring a departure from this general rule so long recognized in this state. Here, the Governor exercised his judgment and discretion in appointing defendant, and no abuse thereof appears. The court cannot, under the record presented, nullify his act.

The judgment is affirmed.