No. 22595.

NEIL TASHER, AS INHERITANCE TAX COMMISSIONER OF THE STATE OF COLORADO *v.* ARTHUR TRENTAZ, AS ADMINISTRATOR OF THE ESTATE OF NINO TRENTAZ, a/k/a NINO B. TRENTAZ, DECEASED.
(437 P.2d 529)

Decided February 19, 1968.

Duke W. Dunbar, Attorney General, Lon J. Putnam, Assistant, James R. Riley, Jr., Assistant, for plaintiff in error.

Frank Delaney, for defendant in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

In the trial court Arthur Trentaz, as Administrator of the Estate of Nino Trentaz, deceased, sought to Mandamus Neil Tasher, as Inheritance Tax Commissioner of Colorado, to determine the amount of gift tax payable on a gift tax return theretofore filed with Tasher. Judgment

entered against Tasher on the pleadings, and he seeks reversal by writ of error.

It appears that Nino Trentaz made and completed certain inter vivos gifts of his property valued at a gross of $136,459.25 to his brother Arthur on May 25, 1964, and thereafter died intestate on June 9, 1964. On February 26, 1965, Arthur, as Administrator, filed a written Colorado Gift Tax Return and a written Inheritance Tax Return, as required by C.R.S. 1963, 138-4-9 and 138-3-42. His letter of transmittal requested that the gift tax liability be determined at an early date [C.R.S. 1963, 138-4-11(2)]. Tasher, however, failed, neglected or refused to make that determination but did proceed to assess what he claimed was the amount of inheritance tax due in the estate without in any manner allowing any deduction or credit for gift taxes or without making any reference thereto.

The Administrator contended in the trial court, and asserts here that unless the gift tax determination is made and allowed he, as Administrator, will have to pay excessive state inheritance as well as federal estate taxes. In other words, if the gift tax is computed and paid or a credit for it is allowed, then the total estate taxable at the inheritance tax rate will be less and the final overall tax will be considerably less. We note that though the petition in the trial court asked that the gift tax determination be made and the deduction allowed, yet, only the former relief was granted; thus, the question of the deductibility of such a tax paid *after* the death of a donor is not before us, nor is it herein determined.

For reversal, as pertinent to this opinion, Tasher asserts several grounds which can be summarized into three, viz:

(1) Mandamus will not lie under R.C.P. Colo. 106 to compel the Commissioner to exercise his "discretion";

(2) That mandamus will not lie where there is available an existing adequate remedy at law; and,

(3) That it was erroneous to direct a gift tax assessment when the identical transfer has been properly included in an inheritance tax assessment.

As we view it, the trial court, on this record, properly ruled against the Commissioner on all three grounds.

As to whether mandamus will lie, suffice it to say that the statute (C.R.S. 1963, 138-4-11) is mandatory as to the requirement that a gift tax "shall be determined" upon proper application. The Commissioner has no discretion in that ministerial duty and mandamus was the proper course to compel him as a public official to act in such a case. *Ellis v. Moses,* 76 Colo. 214, 230 P. 802 (1924); 34 Am. Jur. *Mandamus* §§ 70 and 155; 55 C.J.S. *Mandamus* § 132.

In regard to the contention that Trentaz has available an adequate remedy at law, it appears this is urged because there are procedures provided by statute [C.R.S. 1963, 138-3-46 (2) as amended] for objecting to or contesting an inheritance tax assessment. Also, C.R.S. 1963, 138-3-56 as amended grants jurisdiction to the probate (district) court to hear and determine all questions in relation to the inheritance tax arising under that article. The difficulty, however, is that even if such a course were followed, the administrator, without the assessment, would still not know what sum he claims should be deducted for the gift tax in that proceeding or in his dealings with the federal government. He must have that data from the Commissioner *before* the prescribed course can be followed by him. There is, therefore, no merit to this ground of error.

As to the third ground of error, we have a more complex problem. The Commissioner urges that C.R.S. 1963, 138-3-15 (3) and 138-4-12 (1) impliedly preclude credits for gift taxes which have not actually been paid prior to the donor's death and, consequently, that it would serve no useful purpose to determine in the instant proceeding the amount of Trentaz' gift tax as-

sessment. The issue of the creditability of gift taxes against the donor's estate, however, cannot be resolved in this mandamus proceeding, but rather must await the determination of the probate court having "jurisdiction to hear and determine all questions in relation to the [inheritance] tax * * * ." C.R.S. 1963, 138-3-56.

What the Commissioner apparently overlooks concerning his duty to make the assessment is that property is subject to a gift tax at the moment the gifts are made by a donor (C.R.S. 1963, 138-4-1) and the statute (C.R.S. 1963, 138-4-9) requires the executor or administrator of a deceased donor to make a gift tax return. After the amount of tax has been determined, as required by C.R.S. 1963, 138-4-10 and 11, it becomes, among other things, a "personal liability" of the donor.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE McWILLIAMS dissenting, MR. JUSTICE PRINGLE not participating.