[Civ. No. 10986.   First Appellate District, Division Two.—September 27, 1939.]

GEORGE   TAYLOR,   Appellant,   v.   EDUCATIONAL BROADCASTING   CORPORATION   (a   Corporation), Respondent.

Henry C. Clausen for Appellant.

J. W. O'Neill for Respondent.

NOURSE, P. J.—Plaintiff sued to recover commissions on an alleged contract for personal services, and to recover damages for the breach of such contract. The cause was tried without a jury and defendant had judgment.

Plaintiff was a radio advertising sales agent. Defendant was owner and operator of radio station KROW. In September, 1934, plaintiff and defendant executed a written contract whereby the former was employed as agent to negotiate with the Italian Daily News for the purchase of radio time over station KROW at a fixed commission to be paid as moneys would be paid by the News. A contract was thereafter executed with the News whereby the latter agreed to pay the radio station $425 a month for a program of "entertainment and educational features in Italian and English with instrumental and vocal talent". Said contract was to run for a period of six months, with the option with the News to extend it for an additional six months. Thereafter the plaintiff complained to defendant that their agreement for payment of commissions was indefinite in the event the option to extend was exercised and the parties thereupon executed an addenda to the original contract of employment, which reads as follows: "KROW agrees to permit George Taylor to renew or resell the Italian Daily News on expiration of existing contract, providing George Taylor can personally contact, negotiate, and service account. On such renewals, KROW agrees to fulfill the commission terms as above stated."

On March 12, 1935, the contract with the Italian Daily News was supplanted by another contract covering the same broadcast hours at the same rate per month, and containing a proviso permitting the News to cancel the contract at the end of six months and to have the option to extend for an additional period of one year. In August of that year the plaintiff asked for and received a written statement from defendant reading as follows:

"We now hold a contract with the Italian Daily News dated March 12, 1935, payable $425.00 per month for station

682

time, this contract expires April 1, 1936—a commission of 15% on all such payments has been assigned to you for your efforts in relation to this contract.

"In the event the Italian Daily News on or before April 1, 1936, should renew or extend this contract and such contract for renewal or extension is acceptable to the Educational Broadcasting Corporation, the Corporation agrees to continue to pay you on such renewal or extension beyond April 1, 1936, the commission of 15%."

On March 31, 1936, a new contract was executed by the radio station and the Italian Daily News which covered a different broadcasting time, at a higher rate of pay per month, and called for a different form of program. This contract did not contain any provision for extension or renewal. In December, 1936, the defendant informed plaintiff that he had failed to "service" the account as required by his contract of employment and that the defendant would deal with another agent after the expiration of his contract in March, 1937. Thereupon the plaintiff endeavored to persuade the Italian Daily News to breach its contract with defendant and to refuse to execute a new contract for the period following March, 1937. Notwithstanding this breach of plaintiff, the defendant paid him his full commissions up to the expiration of the existing contract on March 31, 1937.

Prior to this expiration date the defendant notified the Italian Daily News that it would not renew its existing contract, and so notified plaintiff. After March 31, 1937, some broadcasting time was purchased by the Italian Daily News without a written contract. All these broadcasts were "serviced" by a new agency, which means that the daily script was checked, foreign language speeches were interpreted, analyzed, and checked, and relations maintained with the Federal Trade Commission. By his action the plaintiff seeks to recover commissions on the radio time sold after March 31, 1937, and, by a separate cause of action, seeks damages for a breach of contract of employment.

■ Stripped of all the niceties of argument the real question on this appeal is whether, upon the foregoing statement of the evidence, the trial court was justified in making its finding adverse to the plaintiff. This question must be answered in the affirmative because there is not even a contradiction of the direct and positive evidence that the parties

made no agreement for the payment of commissions after March 31, 1937, that plaintiff's employment ended on that date, that his services theretofore had been unsatisfactory, and that defendant was justified in discharging him, if it might be assumed that there was a discharge in the mere refusal of defendant to reemploy plaintiff after the period of his employment had definitely ended. ■ Plaintiff's case rests upon the untenable argument that, because he was employed to "resell and renew" the existing contracts of 1934 and 1935, the court should infer that he must have been employed to "resell and renew" the new contract of March, 1936. But the trial court drew the contrary inference from the facts proved, and, when the inference drawn is in accord with the facts proved, the function of the appellate court is ended.

■ We find no prejudicial error in the rulings of the trial court in admitting testimony of respondents' president concerning the meaning of the words "resell and renew", or in rejecting appellant's offer of proof of the customary meaning of such words. The testimony admitted was to the effect that there was no special or peculiar meaning of these words as used in radio circles different from their general accepted meaning. The witness then gave the general accepted meaning, which would have been found in any dictionary. The line of inquiry in appellant's rejected offer of proof covered questions whether a special custom obtained in radio circles relating to payment of commissions on renewals or resales of contracts. The whole purpose of the inquiry was to show a custom or usage contrary to the express language of the written contract. The trial court's ruling was proper. The principle is stated in 10 California Jurisprudence, page 944, as follows: "The code provides that evidence may be given of 'usage, to explain the true character of an act, contract, or instrument, where such true character is not otherwise plain; but usage is never admissible, except as an instrument of interpretation'. In accordance with the rule it has been held that it is not competent to vary a written contract by parol proof of a custom where the contract is certain in its terms."

The judgment is affirmed.

Spence, J., and Sturtevant, J., concurred.

684

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 20, 1939.