No. 15,203.

CARPENTER, DIRECTOR OF REVENUE *v.* PEOPLE EX REL. CUSACK.
(148 P. [2d] 371)

Decided February 21, 1944.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. DUKE W. DUNBAR, Assist-
ant, for plaintiff in error.

Mr. THOMAS HENRY RYAN, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as the di-
rector and Cusack, respectively.

Cusack protested a delinquent service tax of two per
cent totaling $885.64 assessed against him as an "adver-
tising service agency." A hearing was had, as by.law
provided, and the director sustained the assessment.
Cusack went to the district court by certiorari where
the director was reversed. To review that judgment the
director brings error. In our opinion the answer to one
question presented by the five assignments disposes of
the litigation, i. e., Did the district court exceed its
powers? This, of course, involves the legality of the
director's decision. It is unnecessary to detail further
the procedural steps taken, as these are not questioned,
or cite the several governing sections of our law.. The
applicable act is chapter 202 of the Laws of 1941, and
particularly sections 5(c), 13 and 14(b) thereof. So
far as these are here material they do not differ from
the provisions of the same sections of chapter 240, Laws
of 1937, and chapter 158, Laws of 1939.

1. Said section 5(c), chapter 202, Laws of 1941, im-
poses a tax of two per cent "of the value of services
rendered or performed by any person engaging or con-
tinuing in any of the following businesses; * * * adver-
tising service agencies * * * and any other business of
a similar nature in which services (not professional)
are performed on a price or fee basis; * * *." The di-
rector says that language covers Cusack's business and

Cusack says it does not. The first question therefore is, Did the evidence before the director support his decision?

As an advantage to those who have property or service to sell and to publishers and radio (the only kind of advertising here involved) presenting their offerings to the public, such agencies as Cusack's have come into being. Periodicals and broadcasting companies do business with them because of their stability and reliability, and advertisers because of the assistance and advice furnished by them. For example, Cusack contracts with a newspaper to handle the advertising of Mr. A. The newspaper bills Cusack for fifteen per cent less than its regular rate and Cusack bills Mr. A. for the exact amount the latter would pay the newspaper if he dealt directly. The difference of fifteen per cent constitutes Cusack's compensation. We think the evidence amply justifies the foregoing and thus briefly describes Cusack's business. He is therefore an agent or broker for both parties. If this does not stamp his business as that of an "advertising service agency" we fail to grasp the intention of the Legislature in the use of that term. Such agencies have been before the appellate courts and their methods of operation perhaps more specifically outlined. The language used in the following authorities will throw further light on those methods. It fits exactly the evidence given before the director in the instant case. *Dolman Company Inc. v. Rubber Corp.,* 109 Cal. App. 353, 357, 293 Pac. 129; *H. W. Kastor & Sons Advertising Co. v. Elders,* 170 Mo. App. 490, 156 S.W. 737, 738. To say the least the question was one of fact and there is evidence to support the conclusion.

2. Section 14(b) chapter 202, Laws 1941, provides: "The district court of the county wherein the taxpayer resides or has his principal place of business shall have original jurisdiction in proceedings to review all questions of law and fact determined by the director

in administering the provisions of this act by writ of certiorari to the director. * * * The procedure therein shall be in conformity with the code of civil procedure." We are not concerned with the provisions of the new code which assumes to abolish the writ of certiorari. It does not abolish the remedy which remains as heretofore. It is clearly settled in this jurisdiction that the only questions to be determined by certiorari are the existence of jurisdiction and the absence of arbitrary or capricious action or abuse of discretion. *State Civil Service Com. v. Cummings,* 83 Colo. 379, 265 Pac. 687; *County Court v. People ex rel.,* 55 Colo. 258, 133 Pac. 752; *Board v. Handley,* 105 Colo. 180, 95 P. (2d) 823.

In the instant case the trial court found that: "Cusack, on the record under review, did not perform the services of an advertising service agency in placing ads in the newspapers and radio stations, and hence in said business he did not come within the provisions of the service tax." Thereupon rests the decision of the trial court, and therein the court erred as above indicated.

The judgment is reversed.