**WASHINGTON BROADCASTING COMPANY, Appellant,**

**v.**

**GOOZH GIFTS, Inc., Appellee.**

**No. 1702.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 10, 1955.

Decided Nov. 17, 1955.

Earl J. Lombard, Washington, D. C., for appellant.

Myer Koonin, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This was a suit for advertising services rendered Goozh Gifts, Inc., by radio station WOL, owned by Washington Broadcasting Company. The defense was that Goozh had never contracted with WOL but had dealt with an advertising agency operated by one Shane and had paid Shane, and that after Shane had become bankrupt WOL demanded payment from Goozh. The trial judge found that plaintiff had not borne its burden of proving that Shane was the agent of Goozh, that there was no contractual relationship between WOL and Goozh, and that the evidence established that Shane was the agent of WOL. On this appeal plaintiff challenges these findings.

Testimony for plaintiff tended to show that the Goozh account was brought to WOL by Shane, that all the station's dealings were with Shane; that there was no formal contract between them, but simply an understanding under which all bills were sent to Shane. The president of WOL testified that he relied on the credit of Goozh, but admitted that he had never investigated Goozh directly. He admitted that on other occasions his station had in the usual course of business sued advertising agencies for monies owing on advertising accounts placed by them. He also admitted that the Shane agency was an "accredited agency" at the time the account was placed, that one of the factors of such accreditation was the agent's financial responsibility. It was also admitted that no one at WOL ever had any direct dealings with Goozh in connection with the account until after they learned of Shane's impending bankruptcy, and then for the first time they demanded payment of defendant.

Shane, called as a witness by defendant, testified that his agency had been accredited and recognized financially, and that he acted under a general arrangement with WOL under which he sold radio time they had available. He said that under his arrangement he was to be solely responsible for the cost of advertising placed by him and that there were several instances when he paid charges incurred by advertisers, and that on one occasion WOL had sued him on the basis of that understanding. As to the Goozh account he said he had no definite agreement assuming responsibility for payment, beyond the general understanding which existed from the time he first started doing business with WOL. He said that advertising media knew very little about the accounts he placed with them because "they are doing business with us." He also

said that Goozh was not to pay anything for his services but that his compensation was to come from WOL by way of a commission or discount of fifteen per cent of the gross advertising charge. He admitted that he made a contract with WOL in behalf of Goozh, but describing the terms of the contract he said it provided, "that I would place advertising on WOL, The Washington Broadcasting Company, for the account."

■ ■ We think the evidence we have recited demonstrates that there was no error in the finding that plaintiff had failed to carry its burden of proof. It was incumbent on plaintiff to establish that Shane was the agent of Goozh and contracted with WOL in Goozh's behalf. There was no written contract between any of the parties and there was only a loose method of dealing between WOL and Shane, based on trade practices and their earlier verbal understandings.

In view of the vague nature of the contractual arrangement, the surest criterion of liability is to be found in the intention of the parties.[1] Granting that Shane was authorized to place advertising for Goozh, there was no evidence whatever of any intention that Goozh was to be liable to WOL. On the contrary it seems to have been established that WOL never intended to hold Goozh, but relied on Shane as its direct contracting party. And there was no evidence from which it could even be inferred that if Goozh paid Shane it would be doing so at its peril. It follows that plaintiff was not entitled to prevail.

There are not many decisions dealing with the particular relationship here involved, but those which have come to our attention seem to establish that the circumstances of each case and the agreements arrived at will determine whether an advertising agency is to be considered the agent of the advertising medium or of the advertiser. H. W. Kastor & Sons Adv. Co. v. Grove Laboratories, D.C.E.D.Mo.E.D.,

58 F.Supp. 1011; Taylor v. United Broadcasting Co., D.C.Mun.App., 61 A.2d 480; Taylor v. Educational Broadcasting Corporation, 34 Cal.App.2d 680, 94 P.2d 377; Dolman Co. v. Rubber Corporation, 109 Cal.App. 353, 293 P. 129; Home News, Inc., v. Goodman, 182 Md. 585, 35 A.2d 442; and Sooner Broadcasting Company v. Grotkop, Okl., 280 P.2d 457. See also, for general discussion of this subject, Carpenter v. People, 112 Colo. 151, 148 P.2d 371; H. W. Kastor & Sons Advertising Co. v. Elders, 170 Mo.App. 490, 156 S.W. 737. The decision of the trial court is not at odds with that rule of law.

Affirmed.

---

1. Downs v. Bankhead, 44 App.D.C. 101; § 240, p. 192.     Restatement, Agency, § 146; 2 Am.Jur.