HOUSATONIC VALLEY PUBLISHING COMPANY
*v.* CITYTRUST

| SUPERIOR COURT | JUDICIAL DISTRICT OF LITCHFIELD | FILE No. 0036386 |
|---|---|---|

Memorandum filed July 14, 1983

*Guendelsberger & Littlefield,* for the plaintiff.

*Shatz & Shatz, Ribicoff & Kotkin,* for the defendant.

KLINE, J. The plaintiff was the publisher of several small daily and weekly newspapers in the western area of the state of Connecticut. The defendant is a bank operating primarily in the Bridgeport area with branch operations in some of the areas served by one of the plaintiff's newspapers. Several ads were placed in the paper between the dates of December 31, 1981, and March 18, 1982, and the bills for those ads were not paid when due.

The advertising was not placed by the defendant but by a firm called Creative Media. The defendant had created its own ads and used Creative Media (hereinafter CM) to buy space and place the ads. The defendant paid CM for this service at the rate of $1500 per month plus the costs of placing ads.

The plaintiff always carried this account under the name of Citytrust c/o Creative Media with the latter's address. The plaintiff did no credit check on either the defendant or CM, but this was because they had faith in the defendant's position in the community. They did not check out CM's credit as they relied on the defendant's credit.

When the account became delinquent, the plaintiff called the defendant and the call was transferred to Nancy Horton, who had previously worked for CM, but who now had an office on the defendant's premises and was doing the same job that CM had done previously. Her phone was an extension of the bank's phone or was otherwise reached through the bank's switchboard. The defendant and Horton had arrived at their relationship when she was laid off by CM along with a number of

other people in March and it seemed CM might be having financial difficulties. In spite of this, the defendant paid CM on current outstanding bills.

The question in this case is whether CM was an agent of the defendant or was some kind of independent contractor to whom the plaintiff should have to look directly.

The established or majority rule seems to be that in preparing or placing advertising matters, an advertising agency acts as the agent of the advertiser. *Marcus Loew Booking Agency* v. *Princess Pat,* 141 F.2d 152, 154 (7th Cir. 1944); *Store of Happiness* v. *Carmona & Allen,* 152 Cal. App. 2d 266, 270, 312 P.2d 1104 (1957); 3 Am. Jur. 2d, Agency § 22.

Agency is ordinarily a relationship created by agreement. The principal must intend the agent to act for him. The agent must accept the authority and act upon it, and the intention of the parties must find expression either in their words or in their conduct. 3 Am. Jur. 2d, Agency § 17. Here the defendant employed the agent to purchase media space for the defendant because the agent had a marketing expertise that the defendant lacked. The defendant asked CM to perform this task which would result in a benefit to the defendant, i.e., exposure to the public. An essential ingredient of agency is that the agent is doing something at the behest of and for the benefit of the principal. *Leary* v. *Johnson,* 159 Conn. 101, 105, 267 A.2d 658 (1970); *General Products Co.* v. *Bezzini,* 33 Conn. Sup. 654, 658, 365 A.2d 843 (1976).

In this case the defendant has relied heavily on *Washington Broadcasting Co.* v. *Goozh Gifts,* 118 A.2d 392 (D.C. 1955). That case is easily distinguishable from the case at bar. In *Washington Broadcasting Co.,* the plaintiff admitted that he looked to and recognized financially the advertising agency for the defendant. Further, the advertising agency was paid by way of receiving a discount of 15 percent from the plaintiff

on the gross advertising bill. That discount went to the agency and not to the advertiser. Also, there had been a prior suit by the plaintiff against the agency for failure of the latter to make payment when due. All in all, those facts created a situation entirely different from the one at bar. In fact, in that case the court stated "those [cases] which have come to our attention seem to establish that the circumstances of each case and the agreements arrived at will determine whether an advertising agency is to be considered the agent of the advertising medium or of the advertiser." *H. W. Kastor & Sons Adv. Co.* v. *Grove Laboratories,* 58 F. Sup. 1011 (E.D. Mo. 1945); *Taylor* v. *Educational Broadcasting Corporation,* 34 Cal. App. 2d 680, 94 P.2d 377 (1939); *Dolman Co.* v. *Rubber Corporation,* 109 Cal. App. 353, 293 P. 129 (1930); *Taylor* v. *United Broadcasting Co.,* 61 A.2d 480 (D.C. 1948); *Home News, Inc.* v. *Goodman,* 182 Md. 585, 35 A.2d 442 (1943); *Sooner Broadcasting Co.* v. *Grotkop,* 280 P.2d 457 (Okla. 1955).

Another case relied upon by the defendant, *CBS, Inc.* v. *Stokely-Van Camp, Inc.,* 456 F. Sup. 539 (S.D.N.Y. 1977), is easily distinguishable from the case at bar. That case was based upon agreements and customs wherein the advertising media had accepted the agencies as the parties solely responsible. In that case, CBS tried to change the custom by telling the agencies they also planned to hold the advertisers liable. This they never communicated to the advertiser. Again, the court relied upon the custom and usage of the business, again wherein the agencies receive their monies from the media by way of discounts. Further, CBS knew for a long period of time that this agency was having financial problems and was slow in paying its bills, and that the advertisers were paying the agency, which was diverting its money elsewhere. These were all facts that led to the conclusion reached in the *CBS* case and differ greatly from the present case. This is why the court

felt strongly in the *Washington Broadcasting Co.* case that each case should be looked at closely because of differing circumstances.

The court finds in this case, on the basis of the facts presented, that there was an agency relationship between the defendant and CM and that the rule is that a principal is liable for the contracts of his agent. Existence of an agency is a question of fact. *Botticello* v. *Stefanovicz,* 177 Conn. 22, 26, 411 A.2d 16 (1979).

When an agent, acting within his scope of authority, contracts with a third party for a known principal, he is not liable. *Scribner* v. *O'Brien, Inc.,* 169 Conn. 389, 404, 363 A.2d 160 (1975); *Castaldo* v. *D'Eramo,* 140 Conn. 88, 92, 98 A.2d 664 (1953).

Accordingly, judgment may enter for the plaintiff for $3454.35 plus costs.