[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: NOTION TO STRIKE (#112)
The plaintiff, Daniel Raposo, filed a five count revised amended complaint against the defendants, Robert Mills, Jr. and The Mills Mills Agency, alleging causes of action sounding in CT Page 2399 negligence and breach of contract. The plaintiff alleges that he orally contracted with the defendants to obtain a new workers' compensation insurance policy for himself and his construction business that was to take effect as of the date of cancellation of the plaintiff's prior workers' compensation coverage. The plaintiff alleges that the defendant, Mills, orally assured and represented to the plaintiff that a new policy would be procured in a timely manner. The plaintiff further alleges that in September of 1991, one of the plaintiff's employees sustained a work related injury and made a claim for workers' compensation benefits. Thereafter, the plaintiff alleges that he was advised by the defendant that there was a gap in his workers' compensation coverage and that the claim arose at a time when the coverage was not in place.
On December 27, 1995, the defendant, Robert Mills Jr., filed a motion to strike count four of the plaintiff's revised amended complaint, accompanied by a memorandum in support of her motion. On January 5, 1996, the plaintiff filed a memorandum in opposition to the defendants' motion to strike.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358,372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth oraccuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendant, Mills, argues that count four, alleging breach of contract, should be stricken on the grounds that as an agent of the Mills Mills Agency, Inc., and acting within his scope of authority, he should not be held liable for breach of any contract between his principal and a third party such as the plaintiff.
The plaintiff argues that the motion to strike should be denied because the plaintiff makes no reference of an agency relationship between Mills and Mills Mills Agency in the fourth count.
The general rule is that an "agent is not liable, where, CT Page 2400 acting within the scope of his authority, he contracts with a third party for a known principal." Scribner v. O'Brien, Inc., 169 Conn. 389,404, 363 A.2d 160 (1975); Housatonic Valley Publishing Co. v.Citytrust, 38 Conn. Sup. 94, 98, 463 A.2d 262 (1983); McAuliffe v.Burill Construction, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 374419 (August 24, 1990, Freed, J.). However, "the existence of an agency relationship is generally a question of fact." Fuessenich v.DiNardo, 195 Conn. 144, 159, 487 A.2d 514 (1985); Beckenstein v.Potter Carrier, 191 Conn. 120, 133, 464 A.2d 6 (1983). Furthermore, "[q]uestions concerning the creation of an agency relationship are also ones of fact." Frigon v. Enfield Savings Loan Assn., 195 Conn. 82, 85, 486 A.2d 630 (1985). Questions of fact are not properly decided on a motion to strike. Avery v. BoyScouts of America, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 135160 (July 28, 1994, Lewis, J.); Putnam Resources v. Frenkel Co., Inc., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 123838 (July 20, 1993, Lewis, J.). Thus, because the plaintiff has made no reference of an agency relationship in count four of his complaint, the defendant may not allege that an agency relationship exists in order to have his motion to strike granted since it is a question for the trier of fact. Accordingly, the defendant's motion to strike count four of the plaintiff's complaint is denied.
RICHARD J. TOBIN, JUDGE