[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 30, 1995, the plaintiffs, Yacht Centers and Geoffrey Grout, filed an eight count, second revised complaint against the defendants, Harbor Plaza Associates, Arthur Collins, Marina America, Inc., and Leroy Frantz, Jr. The plaintiff alleges that on or about August 19, 1994, the defendant Frantz, acting on behalf of the defendant Marina America, Inc. ("MAI"), offered to sell an ongoing business and related real and personal property to the plaintiff Grout, which agreement the plaintiff accepted. The plaintiff further alleges that on or before the proposed closing of the agreement, Frantz and MAI (hereinafter "defendants") breached their agreement.
The plaintiffs allege causes of action against the defendants sounding in breach of contract, negligent misrepresentation, reckless misrepresentation, intentional misrepresentation and CUTPA.
On November 13, 1995, the defendants filed a motion to strike counts one through five of the plaintiffs' second revised complaint, accompanied by a memorandum in support of its motion. The plaintiffs filed a memorandum in opposition to the defendants' motion to strike on December 21, 1995.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358,372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy ofopinions stated in the pleadings." (Emphasis in original.)Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendants argue that count one, alleging breach of contract, should be stricken on the grounds that the alleged contract in question does not satisfy the statute of frauds. CT Page 2571 Specifically, the defendants argue that since the alleged contract is based, in part, on the conveyance of real estate, and under the alleged financing arrangements was not to be performed within a year, such a contract falls within the statute of frauds, and thus must be in writing.
The plaintiffs argue that the contract is to be performed within one year, thus taking it out of the statute of frauds.
The Connecticut Statute of Frauds, General Statutes § 52-55(a), provides that "[n]o civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party to be charged . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property; (5) upon any agreement not to be performed within one year from the making thereof; . . . ."
The Connecticut Superior Court has held that "[i]n passing on a motion to strike, it is not proper for the court to consider whether the challenged allegations would withstand a defense such as the failure to comply with the requirements of the Statute of Frauds. The [plaintiffs] are not required to plead evidence. . . . Without hearing the evidence, which is not the court's function on a motion to strike, the court cannot decide whether the alleged agreement is violative of the Statute of Frauds." ConnecticutNational Bank v. Montanari, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 517808 (January 26, 1994, Aurigemma, J.).
Furthermore, in applying General Statutes § 52-550(a)(5), the court has stated: "[c]ontracts of uncertain duration are simply excluded; the provision covers only those contracts whose performance cannot possibly be completed within a year." Finley v.Aetna Life Casualty Co., 202 Conn. 190, 197, 520 A.2d 208
(1987). There is a dispute as to the duration of the contract, the court must await the evidence which may be adduced at trial to determine whether the contract falls within the statute of frauds.Carter v. Elm Sheet Metal Heating, Superior Court, Judicial District of Litchfield, Docket No. 061710 (February 14, 1994, Dranginis, J.). The defendants motion to strike count one is denied.
The defendants argue that count two, alleging negligent misrepresentation, should be stricken on the ground that the CT Page 2572 plaintiffs fail to allege the essential elements of negligent misrepresentation. The defendants further argue that counts three and four, alleging reckless and intentional misrepresentation, should be stricken on the grounds that these counts fail to assert any new or different factual allegations from the second count, and that the factual allegations fail to satisfy the requisite elements of fraudulent misrepresentation.
The supreme court has set forth the elements of negligent misrepresentation as follows: "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 575, 657 A.2d 212 (1995); D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 218,520 A.2d 217 (1987). "[E]ven an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know or has the duty of knowing the truth." Williams Ford Inc. v.Hartford Courant Co., supra, 232 Conn. 575.
The plaintiffs allege in count two that "the defendants . . . knew or should reasonably have known that it was unreasonable to make such representations and offers; and that the defendants . . . knew or should reasonably have known that it was unlikely that such representations, offers and promises could or would be fulfilled and honored." (Second Revised Complaint, ¶ 2(a)). Such allegations are sufficient to allege an action for negligent misrepresentation. The defendant's motion to strike as to count two is denied.
An action for fraudulent or intentional misrepresentation requires proof of four elements: (1) a false representation was made as a statement of fact; (2) it was untrue and was known to be untrue by the party making it; (3) it was made to induce the other party to act on it; and (4) the other party acted on the representation to his injury. Web Press Service Corp v. New LondonMotors, Inc., 203 Conn. 342, 362, 525 A.2d 57 (1987); Set to FitRealty v. First Stamford, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 119612 (April 18, 1994, Lewis, J.).
The plaintiffs allege in count two of the complaint that the CT Page 2573 defendants knew or should have known that the representations and offers made were untrue. (Second Revised Complaint, ¶ 9(i)). The plaintiffs further allege that the defendants knew or should have known that the plaintiffs would rely on such representations. (¶ 11). However, the complaint does not allege the actual statements that the plaintiffs allegedly relied upon which serve as the basis for these counts, nor does it allege what the defendants intended to induce by their representations. Furthermore, the plaintiffs have not alleged any additional facts that demonstrate any reckless or intentional acts on the part of the defendants. "As a threshold matter, a plaintiff alleging . . . intentional misrepresentation should allege the claimed false statements."Muniz v. Kravis, Superior Court, Judicial District of Litchfield, Docket No. 065789 (September 6, 1995, Pickett, J.). Furthermore, "[a]n actionable misrepresentation, whether made knowingly, recklessly, negligently or innocently, must be made for the purpose of inducing action upon it." Frederick Scholes Agency v. Mitchell,191 Conn. 353, 359, 464 A.2d 795 (1983).
Counts three and four are therefore stricken, since they are insufficient at law.
The defendants argue that count five, alleging a violation of CUTPA, should be stricken on the grounds that it fails to specify how CUTPA has been violated and does not allege more than a single violation of CUTPA.
The criteria used to determine whether certain practices violate CUTPA are: "(1) [w]hether the practice, without necessarily having been considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [or competitors or other businessmen]." (Alterations in original; internal quotation marks omitted.) Associated Investment Co. Ltd.Partnership v. Williams Associates IV, 230 Conn. 148, 645 A.2d 505
(1994).
The plaintiffs incorporate counts one through four in the fifth count and allege that "[t]he various acts and actions of the Defendants, . . . constitute unfair trade practices in violation of [CUTPA]." However, the plaintiffs fail to allege a violation of public policy, immoral or unethical conduct, or substantial injury CT Page 2574 to consumers. Thus, the plaintiffs have failed to plead that one of the three criteria has been met to determine whether CUTPA has been violated. The courts have stated that "[a]ll three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three."Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 725,652 A.2d 496 (1995). Nevertheless, "[a party] is entitled to know what facts and which of the three categories of violation the plaintiffs claim exist by virtue of the existence of those facts." Ferrara v.Rogers, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 094066 (September 11, 1990, Flynn, J.,5 CSCR 738). The defendants' motion to strike is granted as to count five.
The defendants contend that the first through fifth counts of the second revised complaint should be stricken insofar as they allege a claim against the defendant Leroy Frantz, Jr., because the plaintiffs fail to allege that Frantz was not acting within his scope of authority for the principal, Marina America, Inc., when he contracted with the plaintiffs.
The general rule is that an "agent is not liable, where, acting within the scope of his authority, he contracts with a third party for a known principal." Scribner v. O'Brien, Inc., 169 Conn. 389,404, 363 A.2d 160 (1975); Housatonic Valley Publishing Co. v.Citytrust, 38 Conn. Sup. 94, 98, 463 A.2d 262 (1983); McAuliffe v.Burill Construction, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 374419 (August 24, 1990, Freed, J.). In addition, "an officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby." Scribner v. O'Brien, Inc., supra, 405.
In the second revised complaint, the plaintiffs allege: "On or about August 19, 1994, Leroy Frantz, acting on behalf of theDefendant, Marina America, Inc., made an offer to sell a certain going business and related real and personal property to the plaintiff, W. Geoffrey Grout. . . ." (Second Revised Complaint, (¶ 7). This paragraph is incorporated into every count thereafter. The plaintiffs fail to allege anywhere in the complaint that Frantz acted in his individual capacity. Furthermore, the plaintiffs fail to specify any tortious conduct performed by Frantz individually. CT Page 2575 Thus, counts one through five should be stricken insofar as they apply to the defendant Frantz.
Accordingly, the defendants' motion to strike is denied as to counts one and two, but granted as to counts three, four and five. Furthermore, the defendants' motion to strike counts one through five as asserted against defendant Frantz individually is granted.
JOHN J.P. RYAN, JUDGE