[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#116)
On October 17, 1995, the plaintiff, Norwalk Marine Contractors, commenced this action by filing a five count complaint against the defendants, Uva Construction Co. ("UCC") and Richard Uva, ("Uva") for damages arising from breach of a written contract between the two parties. The plaintiff alleges a cause of action for breach of contract, negligent and fraudulent misrepresentation.
On February 21, 1996, Uva filed a motion to strike the second and third counts of the plaintiff's complaint, accompanied by a memorandum in support of is motion. On February 27, 1996, the plaintiff filed an objection to Uva's motion to strike accompanied by a memorandum in support of its objection.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358,372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.)Mingachos v. CBS. Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems. Inc.v. BOC Group. Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Uva argues that the second count, alleging negligent misrepresentation, and the third count alleging fraudulent misrepresentation, should be stricken on the ground that the plaintiff has not stated a legally sufficient cause of action against Uva because as an individual, he cannot be held liable for non-intentional torts allegedly committed on behalf of the corporation, Uva Construction Co.
The general rule is that an "agent is not liable, where, acting within the scope of his authority, he contracts with a third person for a known principal." Scribner v. O'Brien. Inc.,169 Conn. 389, 404, 363 A.2d 160 (1975); Housatonic Valley PublishingCo. v. City Trust, 38 Conn. Sup. 94, 98, 463 A.2d 262 (1983). CT Page 5123-G In addition, "an officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third person injured thereby." Scribner v. O'Brien. Inc., supra, 405.
The plaintiff has alleged in the second count that the defendant, Richard Uva, made negligent misrepresentations to the plaintiff. In the third count the plaintiff alleges that the defendant, Richard Uva, made fraudulent misrepresentations to the plaintiff. The defendants in the Memorandum of Law in Support ofthe Motion to Strike concede that an agent may be held liable for his intentional misrepresentation, upon which a third party reasonably relies to its detriment. Salmon v. Richardson,30 Conn. 360, 376 (1862).
In a case involving fraudulent misrepresentations by an officer of a corporation, our Supreme Court stated "It is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation itself is liable. Kilduff v. Adams. Inc., 219 Conn. 314,332 (1991).
A reading of the second count and the third count of the plaintiff's complaint reveals no deficiencies which would substantiate the defendants' Motion to Strike. In ruling on a Motion to Strike the court has construed the facts in the allegations being attacked, in a light most favorable to the non-moving party. Amodio v. Cunningham, 182 Conn. 80, 82-83 (1980). The court agrees with the plaintiff that the defendants' "Motion to Strike" is actually a Motion for Summary Judgement", since the defendants seek to have this court determine as a matter of law that the defendant, Richard Uva, cannot be held liable for the acts and the omissions alleged in the second count and the third count in the plaintiff's complaint.
Accordingly, the Motion to Strike second and third counts of the plaintiff's complaint is denied to each count.
ARNOLD, J. CT Page 5123-H